UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No: _____- cv-_____
"IN ADMIRALTY"
FORT LAUDERDALE DIVISION

MUR SHIPPING BV

               Plaintiff,

-against-

LALUMINA LLC

               Defendant.

## VERIFIED COMPLAINT

COMES NOW, Plaintiff MUR Shipping BV (hereinafter "MUR" or Plaintiff"), Pursuant Supplemental Rule B for certain Admiralty and Maritime Actions, and files this, its Verified Complaint against Defendant LAlumina LLC (hereinafter "LAlumina" or "Defendant"), alleges upon information and belief as follows:

## PARTIES, JURSIDICTION AND VENUE

1. This action involves a claim for breach of maritime contract of affreightment ("COA") that provided for ocean transportation of raw materials and thus falls under the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333. This action also constitutes a maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and qualifies as a maritime contract for purposes of jurisdiction and the issuance of a Rule B attachment.

2. Defendant cannot be found within this District within the meaning of Supplemental Admiralty Rule B. *See* Declaration of Adam Cooke, attached hereto as **Exhibit 1.**

607172.1

3. Venue is properly situated in this District because Defendant's property is, or soon will be, in the possession, custody, and control of Garnishees located within this District.

4. At all times material hereto, Plaintiff MUR was and still is a business entity duly organized and existing under the laws of a foreign nation with an office and place of business at Suite 226, Building 4, Gold & Diamond Park, Dubai, United Arab Emirates.

5. At all times material hereto, Defendant LAlumina was and still is corporate entity organized and existing under the laws of Delaware and with an office and principal place of business in Louisiana, but no office or presence within this District.

## CONTRACT TERMS

6. Under a COA December 5, 2019, Plaintiff agreed to load and transport by sea twelve – fourteen (12-14) shipments of bauxite during 2020. A copy of the COA is attached as **Exhibit A** and incorporated herein by reference.

7. During the period January - May 2020, MUR duly nominated vessels, LAlumina duly shipped 5 cargoes of bauxite, and MUR carried those shipments on the vessels Searider, Sealuck, Sofie Victory, Orient Trader and Nautical Georgia.

8. Thereafter, and despite an obligation to ship additional cargoes throughout the balance of 2020, LAlumina failed and/or declined, without justification, to provide any additional cargoes despite repeated demand from MUR.

9. Specifically, no shipments were made nor nominations tendered for liftings in June, July or August, and as of September, there was no indication from LAlumina of any intention to ship any cargo for the balance of the year.

10. By letter transmitted via brokers on August 21, 2020 and September 8, 2020, MUR noted LAlumina's default, and outlined the damages it had/would suffered as a consequence of the failure to provide the cargoes for the June – December 2020 liftings.

11. The losses for the months of June, July and August amounted to $654,306.28, with the balance of the losses (based upon the historical difference between the BSI average and the contemplated route BSI9) over the remainder of the contract (*i.e.* September – December) was $838,997.68, for total damages of $1,493,306.96. *See* **Exhibit B**, email traffic/letters to LAlumina dated August 21 and September 8, 2020, with accompanying damages calculation.

12. The COA provides for the arbitration of disputes in London and MUR reserves the right to adjudicate the merits of the dispute in London in the event the liability for the sums outlined above is disputed.

13. In addition to recovery of the damages as aforesaid, MUR brings this action for purposes of obtaining security, in advance of a judgment, under Supplemental Admiralty Rule B, as Defendant LAlumina cannot be "found" within the District for purposes of an attachment under that Rule. *See* Cooke Decl. at ¶¶ 3-7. See also, **Exhibits C-E**.

14. In addition to the principal sums due, MUR seeks security in an amount which will cover the award of interest, as well as attorneys' fees also recoverable in LMAA arbitration specified in the COA.

15. MUR calculates the interest component of its attachment application as $ 270,038.16 based on an interest rate of 3.5% over the period the claimed sums have been outstanding and as projected out for a further 1.2 years within which judgment is anticipated.

16. Further, and to the extent claims in arbitration in London under the applicable LMAA Rules empower the arbitrators to award legal fees, MUR also seeks security in an amount

which will cover the anticipated legal fees incurred in connection with the presentation of this claim, estimated to be $100,000, with recoverable arbitral costs estimated at $25,000.

17. In total, therefore, Plaintiff MUR estimates, as nearly as can be computed, that the total judgment will be $ 1,888,345.12, inclusive of the principal amount of the claim, interest, costs and attorneys' fees.

### **REQUEST FOR RULE B RELIEF**

18. Upon information and belief, and after investigation, Defendant cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will have, assets within this District comprising, *inter alia*, cash, funds, escrow funds, credits, debts, accounts payable from, belonging to, due to it or for the benefit of it (collectively hereinafter "ASSETS"), including but not limited to such assets (including accounts payable) at Elementus Minerals, LLC. *See* Declaration of Adam B. Cooke at ¶¶ 8-9.

19. The total amount to be attached pursuant to the calculations set forth above is $1,888,345.12.

WHEREFORE, Plaintiff MUR prays:

    a. That process in due form of law according to the practice of this Court may issue against Defendant LAlumina citing it to appear and answer the foregoing, failing which judgment by default may be entered seeking recovery of the principal claim plus interest, costs and reasonable attorneys' fees as aforesaid;

    b. That if Defendant cannot be found within this District pursuant to Supplemental Rule B, that all tangible or intangible property and ASSETS of Defendant LAlumina, up to and including the sum of $1,888,345.12, be restrained and

attached, including but not limited to any and all such ASSETS as may be in the possession, custody or control of Elementus Minerals, LLC and/or any other garnishee(s) who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein;

c. That the U.S. Marshal's Service serve Process of Maritime Attachment and Garnishment on Elementus Minerals, LLC, at its registered address of Elementus Minerals, LLC, Attn: Jessica Garvey, 2400 East Commercial Blvd., Ste 810, Fort Lauderdale, Florida 33308; and

d. For such other, further and different relief, as the Court may deem just and proper in the premises.

Respectfully submitted,

/s/ Adam B. Cooke
Adam B. Cooke
Fla. Bar No. 634182
Email: acooke@fowler-white.com

Allan R. Kelley
Fla. Bar No. 309893
Email: akelley@fowler-white.com

FOWLER WHITE BURNETT, P.A.
200 East Las Olas Boulevard
Suite 2000 - Penthouse B
Fort Lauderdale, Florida 33301
Telephone:    (954) 377-8100
Facsimile:    (954) 377-8101

## ATTORNEY VERIFICATION

Pursuant to 28 U.S.C. § 1746, Adam B. Cooke declares and states:

1. I am a shareholder with the law firm of Fowler White Burnett, LLC, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same are true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our client and/or by representatives/counsel of the client.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign corporate entity, none of whose officers are presently within this Judicial District.

5. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: February 15, 2024

Adam B. Cooke